UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN FENNICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   22-192 (UNA) |
| | ) | |
| | ) | |
| COMMONWEALTH OF | ) | |
| MASSACHUSETTS *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter, filed *pro se*, is before the Court on its initial review of Plaintiff's form civil complaint, ECF No. 1, amended complaint, ECF No. 6, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a resident of Boston, Massachusetts, who has sued the Commonwealth of Massachusetts, the U.S. House of Representatives, and individuals listed as residing or working in Massachusetts.  The handwritten portions of the original complaint are difficult to decipher, and the purported amended complaint consists of nine typewritten paragraphs seemingly pertaining to matters unrelated to the original complaint.  Nevertheless, the complaint identifies "Diversity of citizenship" as the jurisdictional basis.  ECF No. 1 at 3.  For an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed."  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  Thus, "the citizenship of every party to the action must be distinctly alleged and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004); *see Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983) ("an allegation of residence" does not satisfy the citizenship pleading requirement).

With respect to Massachusetts, the Supreme Court "long has held that states are not subject to diversity jurisdiction" because a "'State is not a citizen.'"  *Long v. D.C.*, 820 F.2d 409, 412 (D.C. Cir. 1987) (quoting *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894)).  Otherwise, the complaint neither alleges the citizenship of each party nor pleads the statutory dollar amount.  Consequently, this case will be dismissed by separate order.

_____

Date: September 29, 2022        JIA M. COBB
                                United States District Judge